**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| GILBERT PAUL HERNANDEZ, | : | CIVIL ACTION NO. 16-4038 (JLL) |
| Plaintiff, | : | **O P I N I O N** |
| v. | : | |
| BRENNTAG NORTH AMERICA, INC., et al., | : | |
| Defendants. | : | |

**LINARES, District Judge**

This action to recover damages for, inter alia, wrongful death was removed from New Jersey state court to this Court pursuant to 28 U.S.C. § 1332(a) (hereinafter, "Section 1332(a)"). (See dkt. 1 at 1–9.)[1] The plaintiff moves to remand this action to state court, and argues that removal is barred by the forum-defendant rule because two of the defendants — i.e., Whittaker, Clark & Daniels, Inc. (hereinafter, "WCD"), and Brenntag Specialties, Inc. (hereinafter, "BSI") — are deemed to be citizens of, among other states, New Jersey. (See dkt. 2 – dkt. 2-3; dkt. 4; dkt. 4-1.) See 28 U.S.C. § 1441(b)(2). One defendant, Colgate-Palmolive Company (hereinafter, "CPC"), opposes the motion by arguing that the plaintiff fraudulently joined WCD and BSI in an effort to thwart removal to federal court. (See dkt. 3 – dkt. 3-8.)

---

[1] This Court will refer to documents by the docket entry numbers and the page numbers imposed by the Electronic Case Filing System.

This Court will resolve the motion upon review of the papers and without oral argument. See L.Civ.R. 78.1(b). This Court presumes that the parties are familiar with the factual context and the procedural history of this action. For the following reasons, this Court will grant the motion and remand this action to state court.

## BACKGROUND

### I. Forum-Defendant Rule

A discussion of the forum-defendant rule will be helpful before presenting the relevant facts. Pursuant to the forum-defendant rule, a civil action that is otherwise removable from a state court pursuant to Section 1332(a) may not be removed if any defendant is a citizen of the state in which that action has been brought. See 28 U.S.C. § 1441(b)(2); see Lincoln Prop. Co. v. Roche, 546 U.S. 81, 84 (2005) (stating "[d]efendants may remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State"); Borough of W. Mifflin v. Lancaster, 45 F.3d 780, 785 (3d Cir. 1995) (stating same). For instance, if an action that has been brought against several defendants in New Jersey state court is removed under Section 1332(a), and if one of those defendants is deemed to be a New Jersey citizen, then that action is subject to remand even if jurisdiction under Section 1332(a) otherwise exists.

The plaintiff and CPC both agree that WCD and BSI are deemed to be citizens of, among other states, the state in which this action has been brought, i.e., New Jersey. (See dkt. 1 at 2; dkt. 2-1 at 4.) Assuming at this juncture that WCD and BSI have been

properly joined, the removal of this action from New Jersey state court would ordinarily be barred.

**II.     Facts**

The plaintiff is a California citizen, and alleges that his mother — the decedent — contracted and eventually died of mesothelioma as a result of her use over many years of a certain brand of talcum powder manufactured by CPC that contained asbestos. (See dkt. 1 at 20; dkt. 2-1 at 4.)[2]

On May 26, 2016, the plaintiff brought this action asserting solely state law claims in New Jersey state court against five defendants, including: CPC; WCD; and BSI as WCD's successor in interest pursuant to BSI's purchase of WCD. (See dkt. 1 at 19–21; dkt. 4 at 12.) WCD allegedly was a supplier of talc to CPC that CPC used in the manufacture of talcum powder. (See dkt. 2-1 at 4; dkt. 4 at 12.)

This action was removed to this Court on July 5, 2016. (See generally dkt. 1.) It is asserted in the notice of removal that the plaintiff fraudulently joined WCD and BSI in an effort to defeat removal under the forum-defendant rule. The notice of removal states that the plaintiff:

> is aware that [WCD] did not provide talc to [CPC] during the time frame of [decedent's] alleged exposure to [the talcum powder in issue] and that [BSI] did not exist at the time of decedent's alleged exposure. And, in fact, [plaintiff] is aware that there is no evidence that either [WCD] or [BSI] *ever* provided talc to [CPC] for use in the manufacture of [the] talcum powder. It is apparent, therefore, that plaintiff fraudulently joined [WCD] and [BSI]

---

[2] CPC incorrectly asserts that the plaintiff is the decedent's widower. (See dkt. 1 at 3.)

to this action, and is maintaining claims against them merely to prevent the removal of this action to federal court.

(Dkt. 1 at 2–3.)

The plaintiff timely moved on August 4, 2016, to remand this action to New Jersey state court.  (See dkt. 2.)  See 28 U.S.C. § 1447(c).

## ARGUMENTS AND ANALYSIS

### I.  Fraudulent Joinder

If WCD and BSI were joined by the nonresident plaintiff in New Jersey state court for the sole purpose of defeating the opportunity to remove this action to federal court under Section 1332(a), then this Court is authorized to find that the plaintiff fraudulently joined WCD and BSI.  See Brown v. Jevic, 575 F.3d 322, 326–27 (3d Cir. 2009); In re Briscoe, 448 F.3d 201, 215–19 (3d Cir. 2006); Batoff v. State Farm Ins. Co., 977 F.2d 848, 851–54 (3d Cir. 1992); Boyer v. Snap-On Tools Corp., 913 F.2d 108, 110–13 (3d Cir. 1990); Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 29–34 (3d Cir. 1985).  A finding of fraudulent joinder would be justified only if the plaintiff lacks a reasonable basis in fact or a colorable ground to support the claims against WCD and BSI, or lacks a real intention in good faith to prosecute the action against WCD and BSI.  See Boyer, 913 F.2d at 111; see also Pacheco de Perez v. AT&T Co., 139 F.3d 1368, 1380–81 (11th Cir. 1998) (reversing an order denying a motion to remand based on the forum-defendant rule, and directing the district court to remand); Ware v. CIBA Specialty Chems. Corp., No. 04-1645, 2004 WL 1743938, at *1–5 (D.N.J. Aug. 4, 2004) (granting a motion to remand to New Jersey state court, even though jurisdiction under Section 1332(a) otherwise

existed, because one of the defendants was a New Jersey citizen and was not fraudulently joined).

As to the issue of fraudulent joinder, this Court must resolve all contested factual issues and any uncertainty as to the current state of controlling substantive law in favor of the plaintiff. See Boyer, 913 F.2d at 111. Furthermore, this Court must find that WCD and BSI were properly joined if there is even a possibility that a court would find that the complaint states claims against them. Id. Thus, for WCD and BSI to be found to have been fraudulently joined, the claims asserted against them must be "wholly insubstantial and frivolous". Batoff, 977 F.2d at 852.

The standard for addressing the rejection of claims due to the fraudulent joinder of a defendant is not the same as the standard for addressing either a dismissal for failure to state a claim or an award of summary judgment. See Briscoe, 448 F.3d at 217–18 (stating a district court cannot delve into the merits of a claim in a fraudulent joinder inquiry); Batoff, 977 F.2d at 852 (stating a district court erred in a fraudulent joinder analysis in finding that the complaint failed to state a valid claim); Boyer, 913 F.2d at 111–12 (stating a district court is not permitted to reach the merits of a claim in deciding the fraudulent joinder issue). The inquiry when addressing a motion to dismiss or a motion for summary judgment "is more searching than that permissible when a party makes a claim of fraudulent joinder". Batoff, 977 F.2d at 852. The rejection of a fraudulent joinder argument does not guarantee that a claim will withstand a motion to dismiss for failure to state a claim or a motion for summary judgment in the future, because a fraudulent joinder analysis is not as "penetrating". Id. at 852–53.

## II. The Plaintiff Has Not Fraudulently Joined WCD And BSI

This Court finds that the plaintiff has not fraudulently joined WCD, because the claims asserted against WCD are not wholly insubstantial and frivolous. The complaint presents a straightforward claim based on products liability against WCD, i.e., that the decedent was harmed by the asbestos content of the talc allegedly supplied by WCD for the manufacture of the talcum powder used by the decedent. (See dkt. 1 at 19–34.) Furthermore, the claims against BSI are not wholly insubstantial and frivolous, because it is properly named in its status as a successor in interest to WCD. CPC cannot reasonably argue that New Jersey law, or the law of any state, would bar these types of claims.

The plaintiff also demonstrates that there is a good faith basis to proceed against WCD and BSI. The plaintiff argues that WCD was the co-owner of an entity known as Charles Mathieu, Inc., which supplied talc to CPC during the time period that the decedent was using CPC's talcum powder, and submits proof in the form of supporting testimony from a WCD representative from another matter. (See dkt. 4 at 4; id. at 11–17.) Although CPC argues that WCD under its own name did not sell talc to CPC until after the time period in issue, CPC concedes that its talcum powder was manufactured "with talc supplied exclusively by the Charles Mathieu family of companies". (Dkt. 3 at 3, 8.)

This action was pending in this Court for only a month when the plaintiff filed the motion to remand. The discovery process, which had yet to begin in state court and which has yet to begin in this Court, may reveal that the plaintiff's aforementioned assertions are correct. See Abels, 770 F.2d at 32 (stating an action naming "Doe

defendants" survived a fraudulent joinder analysis, because plaintiff was endeavoring to proceed against them and to conduct discovery).

In addition, this Court's own review of the original state court docket reveals that counsel for BSI appeared and answered in state court several days before this action was removed to this Court. See No. L-3126-16 (N.J. Superior Ct., Middlesex County). CPC neglected to advise this Court of this salient fact. The appearance of counsel on behalf of BSI tends to indicate that the plaintiff served process upon BSI, thereby demonstrating that the plaintiff intends to actually proceed against BSI in its status as the successor to WCD. See Abels, 770 F.2d at 32.

This Court notes that joining WCD and BSI to this action will also achieve the perfectly reasonable goal of circumventing the potential for statute of limitations issues later on. See Brown, 575 F.3d at 327 (noting that a statute of limitations defense may be considered in connection with a fraudulent joinder inquiry).

It may be ultimately determined that the claims asserted against WCD and BSI will not withstand a motion to dismiss or a motion for summary judgment on the merits. That concern, however, is not relevant at this juncture.

## CONCLUSION

For the aforementioned reasons, this Court will grant the plaintiff's motion seeking remand of this action to New Jersey state court. This Court will enter an appropriate order.[3]

JOSE L. LINARES
United States District Judge

Dated: September 6th, 2016

---

[3] The plaintiff does not seek an award for the costs and expenses incurred in opposing the removal of this action. See 28 U.S.C. § 1447(c). But it appears that the argument in support of removal, while not meritorious, was reasonable and raised in good faith. See Mints v. Educ. Testing Serv., 99 F.3d 1253, 1260 (3d Cir. 1996) (stating a district court may exercise "broad discretion" in denying an award of costs and expenses).